## THE REINA VICTORIA.

(District Court, S. D. New York. April 7, 1924.)

1. **Admiralty �findex⚑48—Service of process cannot be made by notice to former proctors.**

Service of process on a libel in rem cannot be made by notice to former proctors of claimant.

2. **Admiralty ⚑57—Position of libelant taking promise of claimant to give a stipulation for value.**

Where claimant agreed to authorize proctors to appear and give stipulation for value, if ship were released and another libel filed, but defaulted, libelant merely took promise of claimant, and there was nothing to arrest or sell, and no stipulation of value on which scire facias can operate in a libel in rem.

In Admiralty. Libel in rem against the steamer Reina Victoria. On motion by libelant for decree of reference pro confesso. Motion denied.

Foley & Martin, of New York City, for libelant.

Barnes, Chilvers & Halstead, of New York City, for The Reina Victoria.

LEARNED HAND, District Judge. This cause comes up on a libel in rem filed in this court for the balance of a seaman's wages and for loans advanced by him to disburse the ship at the master's request. The libelant now moves for a decree of reference pro confesso under the following circumstances:

The libelant had been one of a number of members of the crew who filed a libel in the year 1921. He received part payment of his wages, and a stipulation was made by which it was agreed that the ship should be released from arrest upon substituting a stipulation for $4,200; that the claims should be paid in full, except the libelant's, of which $411 should not be paid; that the sum so unpaid should be held to await the event of another libel to be filed by him for $560, alleged to have been advanced by him, and for the said sum of $411, so left unpaid. The stipulation then provided that, if the libelant filed such a libel, the claimant would "file forthwith a claim and answer thereto, and a stipulation for value" in the proper amount.

On this stipulation a decree was entered on the original libel on July 29, 1921, condemning the vessel in the amounts found due in the stipulation, including the libelant's claim for the unpaid balance, less $411, and further providing that as to that sum the payment was deferred to await the outcome of a libel to be filed by him for the sum disbursed by him for the ship, the said balance of $411 to be disposed of according to the stipulation.

[1] Having filed this libel, the proctors asked the proctors for the claimant in the first libel to appear, file the stipulation for value, and answer, and upon their default this application was made. The theory of the application is that service of process on a libel in rem can be made by a notice to the former proctors of the claimant. Indeed, there is a suggestion that the proctors who signed the stipulation are per-

sonally liable; but that motion is so obviously unwarranted that I need not discuss this feature of the case.

[2] This is a libel in rem, and prays, as it must, that the vessel be arrested. It is, of course, quite true that an owner may authorize proctors in such a case to appear and give a stipulation for value, thus avoiding the need of an arrest. This is a common practice, and the claimant agreed to adopt it in the event that a second libel should be filed. He has neglected to do so, and his neglect is a breach of his stipulation. That breach cannot supply the place of a res, and the notice to the proctors affected nothing. They made no stipulation on their own account, and there is nothing to arrest or sell, and no stipulation of value on which scire facias can operate. The libelant merely took the promise of the claimant, and is in the same case as any one else whose promisor defaults.

The point is not raised whether the libelant can get jurisdiction in personam by service on the proctors, and perhaps I ought not in strictness say anything about it. However, against the possibility that some such an effort may later be made, I will add that there is no suggestion anywhere in the stipulation of such a purpose. The parties contemplated only another libel in rem, and provided for it by agreeing for a stipulation for value. That contradicts the possibility that the claimant should have meant to appoint his proctors as agents upon whom personal service might be made.

The difficulty in the case does not lie in the absence of a cause of action against the claimant, but in any remedy for it; the libelant having made no provision for the claimant's default in carrying out the stipulation. That omission I cannot supply, because I have no means of creating a res, when there is none within reach of my process. Possibly the reason for the claimant's default lies in part in the extravagant delay, but that issue is irrelevant anyway. The claimant has removed his ship and left no stipulator in its place; there is nothing to seize, and no possible means of satisfying a decree, which must be directed against a res.

The motion is denied.

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes